UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALTON WALKER, JR.,

    Plaintiff,

v.

                                      Case No. 07-15467

UNITED STATES DEPARTMENT OF
ENERGY, UNITED STATES              Honorable Patrick J. Duggan
DEPARTMENT OF HEALTH & HUMAN
SERVICES, and UNITED STATES FOOD
AND DRUG ADMINISTRATION,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO AMEND ORIGINAL COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_March 31, 2008.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On December 26, 2007, Dalton Walker, Jr. ("Plaintiff") commenced this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against three federal agencies: the Department of Energy ("DOE"), the Department of Health and Human Services ("HHS"), and the Food and Drug Administration ("FDA")(collectively referred to as "Defendants"). In his *pro se* complaint, Plaintiff alleges that Defendants have not released all agency records produced as a result of testing on a rock he submitted to the

FDA and the DOE. Presently before this Court are the following motions: (1) Defendants' Motion to Dismiss or Alternatively for Summary Judgment; and (2) Plaintiff's Motion to Amend Original Complaint. On March 7, 2008, this Court sent a notice informing the parties that it is dispensing with oral argument on Defendants' and Plaintiff's motions. *See* E.D. Mich. LR 7.1(e)(2).

## I. **Factual Background**

Plaintiff alleges that sometime after September 12, 2003 he submitted a rock to the FDA "for testing to determine if Plaintiff's rock emitted any type of radiation." (Compl. at 5.) According to Plaintiff, he believes his rock emits radiation, which, among other things, melts glass, kills insects, and adversely affects his health and safety. (*Id.* Ex. F.)

In a letter dated September 26, 2003, Robert H. James, Chief of the Electro-Optics Branch at the FDA's Center for Devices and Radiological Health ("CDRH"), informed Plaintiff that the CDRH tested his rock with a thermal camera, an ultraviolet-visible-near infrared spectrometer, and a picowatt power meter. (*Id.* Ex. B.) The CDRH's tests "detected no radiation above background levels." (*Id.*) Mr. James also informed Plaintiff that his rock would be returned, together with images from the thermal camera and a spectral scan printout. (*Id.*)

On November 3, 2003, the FDA sent a letter to Plaintiff in response to a letter dated October 2, 2003, in which Plaintiff accuses the FDA of lying to him and falsifying the results of the tests on his rock. (*Id.* Ex. A.) In the letter, William A. Herman, Director of the CDRH's Division of Physical Sciences, Office of Science and Technology, informed Plaintiff that the test results were not falsified and that "[t]hey clearly show that the rock[]

do[es] not emit non-ionizing ultraviolet, visible, or infrared radiation." (*Id.*)

Almost four years later, on October 4, 2007, Plaintiff submitted a FOIA request to the FDA, requesting all files related to the testing of his rock. (Dfts.' Mot. Ex. A ("Sadler Decl.") ¶ 6 and Attachment 1 thereto.) On February 4, 2008, the FDA sent Plaintiff a cover letter and 49 pages of responsive documents. (Dfts.' Mot. Ex. B ("Lazaroff Decl.") ¶ 9 and Attachment 1 thereto.)

In addition to the FOIA request submitted to the FDA, Plaintiff submitted a FOIA request to the DOE on October 15, 2007. In his DOE request, Plaintiff again sought files relating to the testing of his rock. (Dfts.' Mot. Ex. C ("Hagerty Decl.") ¶ 4 and Attachment 1 thereto.) On February 5, 2008, the DOE sent Plaintiff a cover letter and 18 pages of responsive documents. (Dfts.' Mot. Ex. D ("Johnston Decl.") ¶ 5 and Attachment 1 thereto.)

## II. Defendants' Motion to Dismiss or Alternatively for Summary Judgment

### A. Standards of Review

Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may involve a facial or a factual attack." *Am. Telecom. Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007)(citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2004)). "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence, and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Golden*, 410 F.3d at 881. In their motion, Defendants attack the factual basis

3

for subject matter jurisdiction.

Alternatively, Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This Court will grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once the moving party has met its burden, Rule 56(e)(2) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e)(2); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53.

**B.     Applicable Law and Analysis**

In their motion, Defendants argue that subject matter jurisdiction is lacking under FOIA because the evidence in the record shows that they did not withhold records generated as a result of the testing on Plaintiff's rock. Alternatively, Defendants assert that there is no genuine issue of material fact that the Defendants satisfied their obligations under FOIA.

In his response to Defendants' motion, Plaintiff argues that Defendants have failed

to release all documents responsive to his FOIA requests. Therefore, according to Plaintiff, subject matter jurisdiction exists and Defendants are not entitled to summary judgment.

FOIA "vests jurisdiction in federal district courts to enjoin an agency from withholding 'agency records and to order the production of any agency records improperly withheld from the complainant.'" *Kissinger v. Reporters Comm'n for Freedom of Press*, 445 U.S. 136, 139, 100 S. Ct. 960, 963 (1980)(quoting 5 U.S.C. § 552(a)(4)(B)). "Under 5 U.S.C. § 552(a)(4)(B), federal jurisdiction is dependent on a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Id.* at 150, 110 S. Ct. at 968. "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *Vaughn v. United States*, 936 F.2d 862, 866 (6th Cir. 1991)(*Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142, 109 S. Ct. 2841, 2846-47 (1989)).

Defendants have submitted declarations from officials at both the FDA and DOE, stating that they conducted a thorough search of agency records and that no documents responsive to Plaintiff's requests were withheld or redacted. (Sadler Decl. ¶¶ 9-15; Lazaroff Decl. ¶¶ 5-9; Hagerty Decl. ¶ 8; Johnston Decl. ¶ 5.) Plaintiff's speculation that Defendants are withholding additional documents, without more, is insufficient to rebut the evidence proffered by Defendants. Consequently, because the unrefuted evidence in the record shows that Defendants have not "withheld" any documents requested by Plaintiff, this Court lacks jurisdiction to devise a remedy in this case. *Vaughn*, 936 F.2d at 866.

In the alternative, this Court finds that Defendants are entitled to summary judgment. "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999)(quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). "The agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). "At the summary judgment stage, where the agency has the burden to show that it acted in accordance with [FOIA], the court may rely on '[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" *Valencia-Lucena*, 180 F.3d at 326 (quoting *Oglesby*, 920 F.2d at 68).

In the case at bar, Defendants have proffered declarations of officials at both the FDA and DOE detailing the steps the agencies took to uncover the records related to Plaintiff's requests. (Sadler Decl. ¶¶ 8-14 (detailing the FDA's efforts); Lazaroff Decl. ¶¶ 4-7 (same); Hagerty Decl. ¶¶ 2, 4, 6-7 (detailing DOE's efforts); Johnston Decl. ¶¶ 4-5 (same).) This Court finds that the declarations proffered by Defendants are reasonably detailed and sufficient to demonstrate that the FDA's and the DOE's searches were adequate. *Valencia-Lucena*, 180 F.3d at 326. Plaintiff's speculation that all documents were not released is insufficient to establish that Defendants' searches were inadequate. *See Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994)(finding that a

6

plaintiff's speculation that "yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search").  Therefore, the Court will grant Defendants' motion for summary judgment.[1]

## II.   Plaintiff's Motion to Amend Original Complaint

On February 19, 2008, the same day Plaintiff filed his response to Defendants' motion, Plaintiff moved to amend his original complaint.  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint is freely granted when justice so requires.  FED. R. CIV. P. 15(a)(2).  However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.  *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962).

Although not expressly stated in Plaintiff's motion, it is apparent from the proposed amended complaint attached thereto that Plaintiff is seeking to amend his complaint to allege that eight specific categories of documents were withheld.  Defendants argue that Plaintiff's proposed amendment would be futile because they have established that a reasonable search was conducted and all responsive documents were released.  To

---

[1] In addition to contending that Defendants have withheld documents related to the testing of his rock, Plaintiff seemingly argues that he has a right to sue Defendants because they failed to respond to his FOIA requests within 20 days.  *See* 5 U.S.C. § 552(a)(6)(A)(i)(providing that agencies must determine whether they will comply with a FOIA request within 20 days).  As Defendants contend, the time limits provided in 5 U.S.C.§ 552(a)(6)(A)(i) merely allow a requestor to bring suit should the agency not respond to a request within 20 days.  *See id.* § 552(a)(6)(C)(i).  In other words, a requestor is deemed to have constructively exhausted his or her administrative remedies.  Therefore, contrary to Plaintiff's allegations, he is not entitled to any form of relief due to Defendants' failure to respond to his requests within 20 days.

support their contention, Defendants have proffered supplemental declarations of Frederick Sadler and Joy Lazaroff, officials at the FDA, as well as the declaration of Joel Rabovsky, an official at the DOE. Mr. Sadler's and Ms. Lazaroff's supplemental declarations and Mr. Robvsky's declaration conclude that all of the documents alleged to have been withheld in Plaintiff's proposed amended complaint were produced or do not exist. (Dfts.' Reply, Ex. A Sadler Supp. Decl. ¶¶ 7a.-g.; Ex B Lazaroff Supp. Decl. ¶¶ 5a.-g.; Ex. C Rabovsky Decl. ¶¶ 6-7.)

Based on the undisputed supplemental declarations of Mr. Sadler and Ms. Lazaroff and the declaration of Mr. Rabovsky, no documents responsive to Plaintiff's requests have been withheld. (*See id.*) Therefore, Plaintiff's proposed amendment to the complaint would be futile. *See Kissinger*, 445 U.S. at 150, 110 S. Ct. at 968; *Vaughn*, 936 F.2d at 866.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss or Alternatively for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Original Complaint is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Dalton Walker, Jr.
19531 Lyndon
Detroit, MI 48223
Joan E. Hartman, AUSA